# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LAURENCE SCHMIDT**       ) | |
| ) | |
| Plaintiff,       ) | |
| ) | |
| vs.       ) | |
| ) | |
| **MERCK & CO., INC., also**       ) | |
| **d/b/a MERCK, SHARP AND DOHME**       ) | Case No. 06-878-JPG-CJP |
| **and d/b/a MSD SHARP & DOHME**       ) | |
| **GmbH, PFIZER INC., and WALGREEN**       ) | **JURY TRIAL DEMANDED** |
| **CO., d/b/a WALGREENS**       ) | |
| ) | |
| Defendants.       ) | |

## DEFENDANT PFIZER INC.'S ANSWERS TO COMPLAINT

NOW COMES Pfizer Inc. ("Defendant" or "Pfizer"), and for its answer to Plaintiff's Complaint state as follows:

1. Defendant acknowledges that Plaintiff is seeking damages for personal injuries but denies that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in Paragraph 1 of Plaintiff's Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's alleged ingestion of Bextra®, and therefore denies the same. Defendant denies all remaining allegations contained in Paragraph 1 of Plaintiff's Complaint and specifically denies that Bextra® caused injury to Plaintiff.

2. The allegations contained in Paragraph 2 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required. To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendant admits that Pfizer is a Delaware corporation with its principal place of business in the State of New York. Defendant admits that, during certain times, Pfizer marketed

and co-promoted Bextra® throughout the United States to be prescribed by healthcare providers who are authorized by law to prescribe drugs in accordance with their approval by the FDA. Defendant denies all remaining or inconsistent allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.      The allegations contained in Paragraph 4 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required. To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.      Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.      Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Complaint. Defendant states that the potential effects of Bextra® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

7.      Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.      Paragraph 8 contains a legal conclusion to which no response is needed. To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.      Paragraph 9 contains a legal conclusion to which no response is needed. To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.     The allegations contained in Paragraph 10 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required. To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.      The allegations contained in Paragraph 11 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required. To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.      The allegations contained in Paragraph 12 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required. To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.      The allegations contained in Paragraph 13 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required. To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.      The allegations contained in Paragraph 14 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required. To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.      The allegations contained in Paragraph 15 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required. To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.      The allegations contained in Paragraph 16 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required. To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.      The allegations contained in Paragraph 17 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required. To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.     The allegations contained in Paragraph 18 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.     The allegations contained in Paragraph 19 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.     The allegations contained in Paragraph 20 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.     Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.     The allegations contained in Paragraph 22 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.     The allegations contained in Paragraph 23 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.     The allegations contained in Paragraph 24 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.     The allegations contained in Paragraph 25 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.     The allegations contained in Paragraph 26 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.     The allegations contained in Paragraph 27 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.     The allegations contained in Paragraph 28 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.     The allegations contained in Paragraph 29 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.     The allegations contained in Paragraph 30 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.     The allegations contained in Paragraph 31 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.     The allegations contained in Paragraph 32 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. The allegations contained in Paragraph 33 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required. To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. The allegations contained in Paragraph 34 of Plaintiff's Complaint, including subparts (a) through (g), are not directed to Defendant and therefore no response is required. To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. The allegations contained in Paragraph 35 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required. To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. The allegations contained in Paragraph 36 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required. To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. The allegations contained in Paragraph 37 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required. To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. The allegations contained in Paragraph 38 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required. To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. The allegations contained in Paragraph 39 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required. To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.     The allegations contained in Paragraph 40 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.     The allegations contained in Paragraph 41 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.     The allegations contained in Paragraph 42 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.     The allegations contained in Paragraph 43 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.     The allegations contained in Paragraph 44 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.     The allegations contained in Paragraph 45 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46.     The allegations contained in Paragraph 46 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47.     The allegations contained in Paragraph 47 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48.     The allegations contained in Paragraph 48 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49.     The allegations contained in Paragraph 49 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50.     The allegations contained in Paragraph 50 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.     The allegations contained in Paragraph 51 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.     The allegations contained in Paragraph 52 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53.     The allegations contained in Paragraph 53 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54.     The allegations contained in Paragraph 54 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55.     The allegations contained in Paragraph 55 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56.     The allegations contained in Paragraph 56 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57.     The allegations contained in Paragraph 57 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58.     The allegations contained in Paragraph 58 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59.     The allegations contained in Paragraph 59 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60.     The allegations contained in Paragraph 60 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61.     The allegations contained in Paragraph 61 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62.     Defendant incorporates each and every admission and denial set forth in Paragraphs 1 through 61 as though fully rewritten herein.

63.     The allegations contained in Paragraph 63 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64.     The allegations contained in Paragraph 64 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65.     The allegations contained in Paragraph 65 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66.     The allegations contained in Paragraph 66 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 66 of Plaintiff's Complaint.

<u>ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 1</u>

Defendant denies that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 1 of the Complaint.  To the extent a response is deemed necessary, Defendant denies the allegations contained in the unnumbered "wherefore" paragraph in Count 1.

67.      Defendant incorporates each and every admission and denial set forth in Paragraphs 1 through 66 as though fully rewritten herein.

68.      The allegations contained in Paragraph 68 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69.      The allegations contained in Paragraph 69 of Plaintiff's Complaint, including subparts (a) through (p), are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 69 of Plaintiff's Complaint.

70.      The allegations contained in Paragraph 70 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 70 of Plaintiff's Complaint.

<u>ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 2</u>

Defendant denies that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 2 of the Complaint.  To the extent a response is deemed necessary, Defendant denies the allegations contained in the unnumbered "wherefore" paragraph in Count 2.

71.      Defendant incorporates each and every admission and denial set forth in Paragraphs 1 through 66 as though fully rewritten herein.

72.      The allegations contained in Paragraph 72 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 72 of Plaintiff's Complaint.

73.     The allegations contained in Paragraph 73 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 73 of Plaintiff's Complaint.

74.     The allegations contained in Paragraph 74 of Plaintiff's Complaint, including subparts (a) through (f), are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75.     The allegations contained in Paragraph 75 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 75 of Plaintiff's Complaint.

76.     The allegations contained in Paragraph 76 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 76 of Plaintiff's Complaint.

77.     The allegations contained in Paragraph 77 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 77 of Plaintiff's Complaint.

<u>ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 3</u>

Defendant denies that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 3 of the Complaint.  To the extent a response is deemed necessary, Defendant denies the allegations contained in the unnumbered "wherefore" paragraph in Count 3.

78.     Defendant incorporates each and every admission and denial set forth in Paragraphs 1 through 77 as though fully rewritten herein.

79.     The allegations contained in Paragraph 79 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 79 of Plaintiff's Complaint.

80.     The allegations contained in Paragraph 80 of Plaintiff's Complaint, including subparts (a) through (f), are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 80 of Plaintiff's Complaint.

81.     The allegations contained in Paragraph 81 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 81 of Plaintiff's Complaint.

82.     The allegations contained in Paragraph 82 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 82 of Plaintiff's Complaint.

83.     The allegations contained in Paragraph 83 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 83 of Plaintiff's Complaint.

84.     The allegations contained in Paragraph 84 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 84 of Plaintiff's Complaint.

85.     The allegations contained in Paragraph 85 of Plaintiff's Complaint, including subparts (a) through (c), are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 85 of Plaintiff's Complaint.

86.     The allegations contained in Paragraph 86 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 86 of Plaintiff's Complaint.

87.     The allegations contained in Paragraph 87 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 87 of Plaintiff's Complaint.

<u>ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 4</u>

Defendant denies that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 4 of the Complaint.  To the extent a response is deemed necessary, Defendant denies the allegations contained in the unnumbered "wherefore" paragraph in Count 4.

88.     Defendant incorporates each and every admission and denial set forth in Paragraphs 1 through 87 as though fully rewritten herein.

89.     The allegations contained in Paragraph 89 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 89 of Plaintiff's Complaint.

90.     The allegations contained in Paragraph 90 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 90 of Plaintiff's Complaint.

91.     The allegations contained in Paragraph 91 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 91 of Plaintiff's Complaint.

92.     The allegations contained in Paragraph 92 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 92 of Plaintiff's Complaint.

93.     The allegations contained in Paragraph 93 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 93 of Plaintiff's Complaint.

<u>ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 5</u>

Defendant denies that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 5 of the Complaint.  To the extent a response is deemed necessary, Defendant denies the allegations contained in the unnumbered "wherefore" paragraph in Count 5.

94.     Defendant incorporates each and every admission and denial set forth in Paragraphs 1 through 93 as though fully rewritten herein.

95.     The allegations contained in Paragraph 95 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 95 of Plaintiff's Complaint.

96.     The allegations contained in Paragraph 96 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 96 of Plaintiff's Complaint.

97.     The allegations contained in Paragraph 97 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 97 of Plaintiff's Complaint.

98.     The allegations contained in Paragraph 98 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 98 of Plaintiff's Complaint.

99.     The allegations contained in Paragraph 99 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 99 of Plaintiff's Complaint.

100.     The allegations contained in Paragraph 100 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 100 of Plaintiff's Complaint.

101.     The allegations contained in Paragraph 101 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 101 of Plaintiff's Complaint.

<u>ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 6</u>

Defendant denies that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 6 of the Complaint.  To the extent a response is deemed necessary, Defendant denies the allegations contained in the unnumbered "wherefore" paragraph in Count 6.

102.     Defendant incorporates each and every admission and denial set forth in Paragraphs 1 through 101 as though fully rewritten herein.

103.     The allegations contained in Paragraph 103 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 103 of Plaintiff's Complaint.

104.   The allegations contained in Paragraph 104 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 104 of Plaintiff's Complaint.

105.   The allegations contained in Paragraph 105 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 105 of Plaintiff's Complaint.

106.   The allegations contained in Paragraph 106 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 106 of Plaintiff's Complaint.

107.   The allegations contained in Paragraph 107 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 107 of Plaintiff's Complaint.

<u>ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 7</u>

Defendant denies that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 7 of the Complaint.  To the extent a response is deemed necessary, Defendant denies the allegations contained in the unnumbered "wherefore" paragraph in Count 7.

108.   Defendant admits that, during certain times, Pfizer marketed and co-promoted valdecoxib under the trade name Bextra®.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant further states that the potential effects of Bextra® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

109.    Defendant admits that, during certain times, Pfizer marketed and co-promoted Bextra® throughout the United States to be prescribed by healthcare providers who are authorized by law to prescribe drugs in accordance with their approval by the FDA.  Defendant denies all remaining or inconsistent allegations contained in Paragraph 109 of Plaintiff's Complaint.

110.    Defendant denies the allegations contained in Paragraph 110 of Plaintiff's Complaint, and specifically denies that Bextra® had or has "hazards and dangerous propensities."  Defendant states that Bextra® was safe and effective when used in accordance with its FDA-approved prescribing information.

111.    Defendant admits that, on November 16, 2001, the FDA approved Bextra® for use in the treatment of primary dysmenorrhea and the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as indicated in the package insert approved by the FDA.  Defendant denies the remaining allegations contained in Paragraph 111 of Plaintiff's Complaint and specifically denies misrepresenting the safety and effectiveness of Bextra®.  Defendant states Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

112.    Defendant admits that, during certain times, Pfizer marketed and co-promoted Bextra®.  Defendant denies misrepresenting the safety and effectiveness of Bextra®.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant denies all remaining or inconsistent allegations contained in Paragraph 112 of Plaintiff's Complaint.

113.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113 concerning Plaintiff's prescription, use, or medical condition, and therefore denies the same.  Defendant denies all remaining or inconsistent

allegations contained in Paragraph 113 of Plaintiff's Complaint and specifically denies that Bextra® caused injury to Plaintiff's decedent.

114.    Defendant states that, during certain times, Pfizer marketed and co-promoted Bextra®. Defendant further states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant denies the remaining allegations contained in Paragraph 114 of Plaintiff's Complaint and specifically denies any "wrongful conduct."

115.    Defendant admit that, during certain times, Pfizer marketed and co-promoted Bextra®. Defendant denies all remaining or inconsistent allegations contained in Paragraph 115 of Plaintiff's Complaint.

116.    Defendant denies the allegations contained in Paragraph 116 of Plaintiff's Complaint. Defendant states that the potential effects of Bextra® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

117.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 concerning Plaintiff's alleged knowledge, and therefore denies the same. Defendant denies that there is any legal or factual basis which entitles Plaintiff to recovery.

118.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 concerning Plaintiff's alleged knowledge, and therefore denies the same. Defendant denies that there is any legal or factual basis which entitles Plaintiff to recovery.

119.     Defendant incorporates each and every admission and denial set forth in Paragraphs 1 through 118 as though fully rewritten herein.

120.     Defendant denies the allegations contained in Paragraph 120 of Plaintiff's Complaint, and specifically denies that Bextra® was or is "defectively designed." Defendant states that Bextra® was safe and effective when used in accordance with its FDA-approved prescribing information.

121.     Defendant denies the allegations contained in Paragraph 121 of Plaintiff's Complaint, and specifically denies that Bextra® was or is "defective." Defendant states that Bextra® was safe and effective when used in accordance with its FDA-approved prescribing information.

122.     Defendant denies the allegations contained in Paragraph 122 of Plaintiff's Complaint. Defendant states that Bextra® was safe and effective when used in accordance with its FDA-approved prescribing information.

123.     Defendant denies the allegations contained in Paragraph 123 of Plaintiff's Complaint.

<u>ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 8</u>

Defendant denies that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 8 of the Complaint. To the extent a response is deemed necessary, Defendant denies the allegations contained in the unnumbered "wherefore" paragraph in Count 8.

124.     Defendant incorporates each and every admission and denial set forth in Paragraphs 1 through 123 as though fully rewritten herein.

125.     Defendant denies the allegations contained in Paragraph 125 of Plaintiff's Complaint. Defendant states that Bextra® was safe and effective when used in accordance with its FDA-approved prescribing information. Defendant further states that the potential effects of Bextra®

were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

126.     Defendant denies the allegations contained in Paragraph 126 of Plaintiff's Complaint. Defendant states that Bextra® was safe and effective when used in accordance with its FDA-approved prescribing information.

127.     Defendant denies the allegations contained in Paragraph 127 of Plaintiff's Complaint.

128.     Defendant denies the allegations contained in Paragraph 128 of Plaintiff's Complaint. Defendant states that Bextra® was safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant further states that the potential effects of Bextra® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

129.     Defendant denies the allegations contained in Paragraph 129 of Plaintiff's Complaint. Defendant states that Bextra® was safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant further states that the potential effects of Bextra® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

130.     Defendant denies the allegations contained in Paragraph 130 of Plaintiff's Complaint. Defendant states that the potential effects of Bextra® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

<u>ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 9</u>

Defendant denies that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph

in Count 9 of the Complaint. To the extent a response is deemed necessary, Defendant denies the allegations contained in the unnumbered "wherefore" paragraph in Count 9.

131. Defendant incorporates each and every admission and denial set forth in Paragraphs 1 through 130 as though fully rewritten herein.

132. Defendant denies the allegations contained in Paragraph 132 of Plaintiff's Complaint.

133. Defendant denies the allegations contained in Paragraph 133 of Plaintiff's Complaint, including subparts (a) through (p).

134. Defendant denies the allegations contained in Paragraph 134 of Plaintiff's Complaint and specifically denies that Bextra® caused injury to Plaintiff.

<u>ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 10</u>

Defendant denies that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 10 of the Complaint. To the extent a response is deemed necessary, Defendant denies the allegations contained in the unnumbered "wherefore" paragraph in Count 10.

135. Defendant incorporates each and every admission and denial set forth in Paragraphs 1 through 134 as though fully rewritten herein.

136. Defendant admits that, during certain times, Pfizer marketed and co-promoted Bextra® throughout the United States to be prescribed by healthcare providers who are authorized by law to prescribe drugs in accordance with their approval by the FDA. Defendant denies all remaining or inconsistent allegations contained in Paragraph 136 of Plaintiff's Complaint.

137. Paragraph 137 contains a legal conclusion to which no response is needed. To the extent a response is deemed necessary, Defendant admits that it has duties as are imposed by law, but

denies that it has breached any such duties. Defendant denies all remaining or inconsistent allegations contained in Paragraph 137 of Plaintiff's Complaint.

138. Paragraph 138 contains a legal conclusion to which no response is needed. To the extent a response is deemed necessary, Defendant admits that it has duties as are imposed by law, but denies that it has breached any such duties. Defendant denies all remaining or inconsistent allegations contained in Paragraph 138 of Plaintiff's Complaint, including subparts (a) through (f). Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

139. Defendant denies the allegations contained in Paragraph 139 of Plaintiff's Complaint.

140. Defendant denies the allegations contained in Paragraph 140 of Plaintiff's Complaint and specifically denies that Bextra® caused injury to Plaintiff.

<u>ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 11</u>

Defendant denies that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 11 of the Complaint. To the extent a response is deemed necessary, Defendant denies the allegations contained in the unnumbered "wherefore" paragraph in Count 11.

141. Defendant incorporates each and every admission and denial set forth in Paragraphs 1 through 140 as though fully rewritten herein.

142. Defendant denies the allegations contained in Paragraph 142 of Plaintiff's Complaint.

143. Defendant denies the allegations contained in Paragraph 80 of Plaintiff's Complaint, including subparts (a) through (f),.

144. Defendant denies the allegations contained in Paragraph 144 of Plaintiff's Complaint.

145.    Defendant denies the allegations contained in Paragraph 145 of Plaintiff's Complaint. Defendant states that the potential effects of Bextra® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

146.    Defendant denies the allegations contained in Paragraph 146 of Plaintiff's Complaint.

147.    Defendant denies the allegations contained in Paragraph 147 of Plaintiff's Complaint.

148.    Paragraph 148 is omitted from Plaintiff's Complaint.

149.    Paragraph 149 contains a legal conclusion to which no response is needed.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 149 of Plaintiff's Complaint, including subparts (a) through (c).

150.    Defendant denies the allegations contained in Paragraph 150 of Plaintiff's Complaint. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant further states that the potential effects of Bextra® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

151.    Defendant denies the allegations contained in Paragraph 151 of Plaintiff's Complaint.

### ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 12

Defendant denies that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 12 of the Complaint.  To the extent a response is deemed necessary, Defendant denies the allegations contained in the unnumbered "wherefore" paragraph in Count 12.

152.    Defendant incorporates each and every admission and denial set forth in Paragraphs 1 through 151 as though fully rewritten herein.

153.     Defendant denies the allegations contained in Paragraph 153 of Plaintiff's Complaint. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant further states that the potential effects of Bextra® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

154.     Defendant denies the allegations contained in Paragraph 154 of Plaintiff's Complaint. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

155.     Defendant denies the allegations contained in Paragraph 155 of Plaintiff's Complaint. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant further states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

156.     Defendant denies the allegations contained in Paragraph 156 of Plaintiff's Complaint, and specifically denies that it made any "false representations or omissions."  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

157.     Defendant denies the allegations contained in Paragraph 157 of Plaintiff's Complaint and specifically denies that Bextra® caused injury to Plaintiff.

## ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 13

Defendant denies that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph

in Count 13 of the Complaint.  To the extent a response is deemed necessary, Defendant denies the allegations contained in the unnumbered "wherefore" paragraph in Count 13.

158.    Defendant incorporates each and every admission and denial set forth in Paragraphs 1 through 157 as though fully rewritten herein.

159.    Defendant denies the allegations contained in Paragraph 159 of Plaintiff's Complaint. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

160.    Defendant denies the allegations contained in Paragraph 160 of Plaintiff's Complaint. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant further states that the potential effects of Bextra® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

161.    Defendant denies the allegations contained in Paragraph 161 of Plaintiff's Complaint. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant further states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

162.    Defendant denies the allegations contained in Paragraph 162 of Plaintiff's Complaint. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

163.    Defendant denies the allegations contained in Paragraph 163 of Plaintiff's Complaint, and specifically denies that it made any "material misrepresentations."  Defendant states that the

potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

164. Defendant denies the allegations contained in Paragraph 164 of Plaintiff's Complaint. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

165. Defendant denies the allegations contained in Paragraph 165 of Plaintiff's Complaint and specifically denies that Bextra® caused injury to Plaintiff.

<u>ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 14</u>

Defendant denies that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 14 of the Complaint. To the extent a response is deemed necessary, Defendant denies the allegations contained in the unnumbered "wherefore" paragraph in Count 14.

166. Defendant incorporates each and every admission and denial set forth in Paragraphs 1 through 165 as though fully rewritten herein.

167. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167 concerning Plaintiff's alleged ingestion of Bextra®, and therefore denies the same. Defendant denies that there is any legal or factual basis which entitles Plaintiff to recovery, and denies all remaining or inconsistent allegations contained in Paragraph 167 of the Complaint.

168.    Paragraph 168 contains a legal conclusion to which no response is needed.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 168 of Plaintiff's Complaint.

169.    Defendant denies the allegations contained in Paragraph 169 of Plaintiff's Complaint, and specifically denies that it made any "misrepresentations or omissions of material fact." Defendant states that Bextra® was safe and effective when used in accordance with its FDA-approved prescribing information.

### ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 15

Defendant denies that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 15 of the Complaint.  To the extent a response is deemed necessary, Defendant denies the allegations contained in the unnumbered "wherefore" paragraph in Count 15.

170.    Defendant incorporates each and every admission and denial set forth in Paragraphs 1 through 169 as though fully rewritten herein.

171.    Defendant denies the allegations contained in Paragraph 171 of Plaintiff's Complaint.

172.    Defendant denies the allegations contained in Paragraph 172 of Plaintiff's Complaint.

173.    Defendant denies the allegations contained in Paragraph 173 of Plaintiff's Complaint.

174.    Defendant denies the allegations contained in Paragraph 174 of Plaintiff's Complaint.

175.    Defendant denies the allegations contained in Paragraph 175 of Plaintiff's Complaint.

176.    Defendant denies the allegations contained in Paragraph 176 of Plaintiff's Complaint.

### ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 16

Defendant denies that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph

in Count 16 of the Complaint. To the extent a response is deemed necessary, Defendant denies the allegations contained in the unnumbered "wherefore" paragraph in Count 16.

177. Defendant incorporates each and every admission and denial set forth in Paragraphs 1 through 176 as though fully rewritten herein.

178. The allegations contained in Paragraph 178 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required. To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 178 of Plaintiff's Complaint.

179. Defendant denies the allegations contained in Paragraph 179 of Plaintiff's Complaint.

180. Defendant denies the allegations contained in Paragraph 180 of Plaintiff's Complaint.

181. Defendant denies the allegations contained in Paragraph 181 of Plaintiff's Complaint, including subparts (a) through (d).

182. The allegations contained in Paragraph 182 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required. To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 182 of Plaintiff's Complaint.

<u>ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 17</u>

Defendant denies that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 17 of the Complaint. To the extent a response is deemed necessary, Defendant denies the allegations contained in the unnumbered "wherefore" paragraph in Count 17.

183. Defendant incorporates each and every admission and denial set forth in Paragraphs 1 through 182 as though fully rewritten herein.

184. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 184 concerning Plaintiff's prescription, use, or medical

condition, and therefore denies the same. Defendant denies all remaining or inconsistent allegations contained in Paragraph 184 of Plaintiff's Complaint.

185.     The allegations contained in Paragraph 185 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required. To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 185 of Plaintiff's Complaint.

186.     Defendant denies the allegations contained in Paragraph 186 of Plaintiff's Complaint.

187.     The allegations contained in Paragraph 187 of Plaintiff's Complaint are not directed to Defendant and therefore no response is required. To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 187 of Plaintiff's Complaint.

<u>ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 18</u>

Defendant denies that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 18 of the Complaint. To the extent a response is deemed necessary, Defendant denies the allegations contained in the unnumbered "wherefore" paragraph in Count 18.

<u>ANSWER TO UNNUMBERED PRAYER FOR RELIEF AS TO ALL COUNTS</u>

Defendant denies that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in the unnumbered prayer for relief. To the extent a response is deemed necessary, Defendant denies the allegations contained in the prayer for relief, including subparts (a) through (e).

## ADDITIONAL DEFENSES

By asserting the following affirmative defenses, Defendant does not allege or admit they have the burden of proof and/or the burden of persuasion with respect to any of these matters:

1.      The Complaint fails to state a claim upon which relief can be granted.

2.       Plaintiff's claims are barred by the applicable statute of limitations and/or repose.

3.      The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Bextra®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

4.      The claims asserted in the Complaint are barred because Bextra® was designed, tested, manufactured and labeled in accordance with the state-of-the art industry standards existing at the time of the sale.

5.      The claims asserted in the Complaint are barred in whole or in part by the "learned intermediary" doctrine.

6.      If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same was caused by operation of nature or other supervening or intervening conduct of persons other than Defendant, and for whose conduct Defendant is not responsible, or with whom Defendant has no legal relation or legal duty to control.

7.      If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same was caused by the negligence of Plaintiff in failing to exercise due and

proper care under the existing circumstances and conditions, and her damages, if any, are barred or reduced by the doctrines of contributory or comparative negligence.

8.      If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same was caused by the unforeseeable alterations, improper handling, or other unforeseeable misuse of Bextra® by persons other than Defendant or persons acting on its behalf.

9.      The claims asserted in the Complaint are barred, in whole or in part, because Bextra® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

10.      Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

11.      Plaintiff's claims are barred because his injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff's decedent, and were independent of or far removed from Defendant's conduct.

12.      If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same was caused by unforeseeable idiosyncratic reactions of Plaintiff.

13.      Plaintiff's claims are barred by the doctrines contained in the Restatement (Second) Torts §402(A), Comment j, Restatement (Second) Torts §402(A), Comment k, and/or Restatement (Third) of Torts:  Products Liability §§ 4 *et. seq.* and 6.

14.      The claims asserted in the Complaint are barred, in whole or in part, because Bextra® did not proximately cause injuries or damages to Plaintiff.

15. To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendant's rights under the United States Constitution.

16. The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff did not incur any ascertainable loss as a result of Defendant's conduct.

17. The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

18. The claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to Bextra® was not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

19. The claims must be dismissed because Plaintiff would have taken Bextra® even if the product labeling contained the information that Plaintiff contends should have been provided.

20. The claims asserted in the Complaint are barred because the utility of Bextra® outweighed its risks.

21. Plaintiff's fraud-based claims, if any, are not stated with particularity as required by Rule 9 of the Federal Rules of Civil Procedure.

22. The claims asserted in the Complaint are barred, in whole or in part, because Defendant did not violate the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*., and/or this Act is not applicable to this matter and/or to this Plaintiff.

23.     Plaintiff's damages, if any, are limited by the failure to mitigate by Plaintiff.

24.     Plaintiff's damages, if any, are barred or limited by the payments received from collateral sources.

25.     The liability of Defendant, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if any, are determined.  Defendant seeks an adjudication of the percentage of fault of the claimant and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiff.

26.     Defendant is entitled to credit for any settlement of claims for alleged injuries and damages made by Plaintiff with any other defendant or other person or entity.

27.     Plaintiff's claims are preempted by federal law and regulations, including but not limited to the Federal Food, Drug & Cosmetic Act, 21 U.S.C. §301 *et. seq.,* the regulations promulgated thereunder, and the United States Constitution, Article IV, clause 2.

28.     Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

29.     The claims asserted in the Complaint are barred, in whole or in part, by the doctrines of primary jurisdiction and exhaustion of administrative remedies, because the FDA has exclusive or primary jurisdiction over the matters asserted in the Complaint.

30.     The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq.*, and regulations promulgated thereunder, and

Plaintiff's claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Bextra®. Accordingly, Plaintiff's claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

31.     If Plaintiff sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation sold by Defendant or other sellers.

32.     If Plaintiff sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendant and over whom Defendant had no control and for whom Defendant may not be held accountable.

33.     Plaintiff's claims are barred in whole or in part because Bextra® "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

34.     Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

35.     Defendant reserves the right to assert any additional defense which might come to its attention or might be developed during the pendency of this action.

36. Plaintiff's claims are barred in whole or part because they have been filed in an improper venue.

## JURY DEMAND

Defendant hereby demands a jury trial on all issues so triable in this action.

Dated: November 8, 2006       By:    /s/ Robert H. Shultz, Jr.

                              **HEYL, ROYSTER, VOELKER & ALLEN**
Robert H. Shultz, Jr. - #03122739
103 West Vandalia Street, Suite 100
Edwardsville, Illinois 62025
(618) 656-4646
**Attorneys for Pfizer Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on **November 8, 2006**, I electronically filed the foregoing document with the Clerk of the Court of the Southern District of Illinois using the CM/ECF system, which will send notification of such filing to the following:

     **Aaron K. Dickey -** Aaron@gmhalaw.com.
     **Robert Rowland -** rrowland@ghalaw.com
     **Dan H. Ball -** dhball@bryancave.com
     **Randy J. Soriano -** rjsoriano@bryancave.com
     **Robert T. Ebert -** rtebert@bryancave.com
     **Stephen G. Strauss -** sgstrauss@bryancave.com

                        /s/ Robert H. Shultz, Jr.
                        HEYL, ROYSTER, VOELKER & ALLEN